Opinion by Keefe, J. At the trial it was stipulated that the merchandise in question consists of cylindrical and tubular tanks or vessels and that they are the same in all material respects as those passed upon in *Atlas Marine Supply Co.* v. *United States* (29 C. C. P. A. 20, C. A. D. 165). In accordance therewith the drums in question were held entitled to free entry under section 309(a), Tariff Act of 1930, as amended by section 5(a), Customs Administrative Act of 1938, as claimed.

**No. 47104.**—Protest 956449-G of W. B. Dick & Co., Ltd. (Los Angeles).

Opinion by KEEFE, J. At the trial it was stipulated that the merchandise in question consists of cylindrical and tubular tanks or vessels and that they are the same in all material respects as those passed upon in *Atlas Marine Supply Co.* v. *United States* (29 C. C. P. A. 20, C. A. D. 165). In accordance therewith the drums in question were held entitled to free entry under section 309(a), Tariff Act of 1930, as amended by section 5(a), Customs Administrative Act of 1938, as claimed.

**No. 47105.**—Protest 955280-G of Atlas Marine Supply Co. (Los Angeles).

Opinion by KEEFE, J. At the trial it was stipulated that the merchandise in question consists of cylindrical and tubular tanks or vessels and that they are the same in all material respects as those passed upon in *Atlas Marine Supply Co.* v. *United States* (29 C. C. P. A. 20, C. A. D. 165). In accordance therewith the drums in question were held entitled to free entry under section 309 (a), Tariff Act of 1930, as amended by section 5 (a), Customs Administrative Act of 1938, as claimed.

**No. 47106.**—Protest 78761–K of Harbor Ship Supply Co. (Los Angeles).

Opinion by KEEFE, J. At the trial it was stipulated that the merchandise in question consists of cylindrical and tubular tanks or vessels and that they are the same in all material respects as those passed upon in *Atlas Marine Supply Co.* v. *United States* (29 C. C. P. A. 20, C. A. D. 165). In accordance therewith the drums in question were held entitled to free entry under section 309 (a), Tariff Act of 1930, as amended by section 5 (a), Customs Administrative Act of 1938, as claimed.

**No. 47107.**—Protest 68951–K of Harbor Ship Supply Co. (Los Angeles).

Opinion by KEEFE, J. At the trial it was stipulated that the merchandise in question consists of cylindrical and tubular tanks or vessels and that they are the same in all material respects as those passed upon in *Atlas Marine Supply*

*Co.* v. *United States* (29 C. C. P. A. 20, C. A. D. 165). In accordance therewith the drums in question were held entitled to free entry under section 309 (a), Tariff Act of 1930, as amended by section 5 (a), Customs Administrative Act of 1938, as claimed.

No. 47108.—Protest 899832–G of Bullocks, Inc. (Los Angeles).

Opinion by EKWALL, J. In accordance with stipulation of counsel and following *Bullocks* v. *United States* (6 Cust. Ct. 110, C. D. 441) the merchandise in question was held not subject to countervailing duty as claimed.

BEFORE THE FIRST DIVISION, APRIL 22, 1942

No. 47109.—Protests 996137–G, etc., of Eitinger Bead Co., Inc. (New York).

Opinion by OLIVER, P. J. The record established that the articles in question fall squarely within the definitions of beads as given by various dictionaries and confirms the statements that perforations in beads penetrate through the article and that they are not limited to number or location. It was stated that the scope of paragraph 1503 embraced beads of various sizes. *United States* v. *General Transport Co.* (22 C. C. P. A. 446, T. D. 47440), *United States* v. *Judae* (13 Ct. Cust. Appls. 164, T. D. 41024), and Abstract 36953 cited. Counsel conceded that the items in question are composed of imitation semiprecious stones. It was apparent from an examination of the samples in question that they are not imitation pearl beads. No proof was offered to establish the component material of chief value of the articles. From the record the court was satisfied that the plaintiff has fairly established that the articles in question are more than semiprecious stones, and, in fact, that they are beads as claimed. However, it was not established that these beads are not specifically provided for elsewhere in paragraph 1503. *United States* v. *Albrecht* (27 C. C. P. A. 112, C. A. D. 71) cited. On the record presented the protests were overruled without affirming the action of the collector.

BEFORE THE THIRD DIVISION, APRIL 22, 1942

No. 47110.—Protest 39381–K of M. Pressner & Co. (New York).

Opinion by KEEFE, J. It was stipulated that the merchandise in question consists of Rockingham earthenware similar to that the subject of *Butler Bros.* v. *United States* (4 Cust. Ct. 120, C. D. 303). The claim at 25 percent under paragraph 210 was therefore sustained.

No. 47111.—Protest 80575–K of J. D. & A. B. Spreckles Co. (San Francisco).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protest.